## Morton v. Commonwealth

*Carl F. Mogel,* for appellant.
*Drew S. Dorfman,* for Commonwealth.

WATERS, *Member,* November 8, 1974—

## FINDINGS OF FACT

This matter comes before the board on stipulated facts and a motion for judgment on the pleadings. Appellant, D. Herbert Morton, hereinafter "appellant," on September 4, 1973, applied for a permit under the Pennsylvania Water Obstructions Act[1] to change a stream channel and received from the department a conditional permit therefor on March 5, 1974, to relocate the Wyomissing Creek at a point at which it crossed his property in Cumru Township, Berks County, Pa.

The permit contained a number of standard conditions, one of which provides that the permit itself shall not become effective unless and until there is a written acceptance of its terms within 30 days. Appellant gave no written notice to the department and, on June 28, 1974, was advised that the permit was revoked for non-compliance with condition no. 11[2]. The department has offered no reason or explanation for the permit revocation except as above indicated.

## DISCUSSION

At the outset, the Commonwealth argues that the matter of the department's revocation order of June 28, 1974, is not properly before us because, as I understand it, appellant failed to appeal the imposition of condition no. 11, which was a part of the permit issued March 5, 1974. Having failed to ap-

---

1. Act of June 25, 1913, P.L. 555, 32 PS §684.

2. The permit provides: "11. This permit shall not become effective until and unless the permittee shall file with the Department within thirty (30) days from the date thereof, upon a form furnished by the Department, its written acceptance of the terms and conditions imposed therein."

peal within 30 days of the permit issuance date, it is suggested that the appeal on that issue is untimely. If appellant now argues that the department has placed an unreasonable interpretation on condition no. 11 and, based on that, has improperly revoked the permit in question, we fail to see how appellant could have possibly made this argument *prior* to the department's revocation order of June 28th to which we now turn. Although the department has broad discretion in issuing and revoking permits like the one here in question, that discretion is not without limitation. Administrative agencies have traditionally been required to act in a manner that, upon review, is deemed to be neither unreasonable nor arbitrary. See Soble v. State Bd. of Pharmacy, 40 D. & C. 215.

The facts in this case indicate that the department has interpreted a condition of its permit issued to appellant requiring notice to the department to mean that failure to give this required notice shall render the permit *null and void*. This interpretation is so prejudicial to the rights of the would-be "permittee" that we believe it is unreasonable for the department to enforce it without specifically stating these consequences. The terms were, of course, drafted by the department, and it is a rule of construction that such terms should be construed against the party preparing the language, where the meaning is unclear.

A further question arises under the interpretation urged by the department and that is whether a permit has been issued at all. If the language of condition no. 11 is given a literal interpretation, then there has been no permit *effectively* issued until notice of acceptance is received by the department. In legal terms, the department has

merely *offered* to issue a permit at some time within 30 days in the future. Clearly, this construction of the language serves to point up the ambiguity in the permit and appended conditions. If, in fact, the permit never became effective, the question arises as to how it can be revoked. Obviously, the purpose of this discussion is not to answer the questions posed, but simply to point out that the language is ambiguous and does leave something to be desired in the way of clarity.

It is not unreasonable for the permit to contain a provision which allows the department to determine whether the project has been abandoned by the permit applicant. This would appear to be the legitimate purpose of condition no. 11.

The problem, however, is that condition no. 9 specifically provides that the permit shall be "null and void" if the work is not completed before December 31, 1975. This would seem to meet the needs of the department as they relate to abandoned approved projects. If this is true, then the question arises as to what purpose condition no. 11 serves.[3]

This is especially a matter of concern because condition no. 2 provides for supervision and inspection by the department as to the work in progress in accordance with maps, plans and specifications.

In conclusion, we believe that, if the department intends to require a written notice of the acceptance of a permit for which proper application has been made and approved, it may do so. If, however, the department desires to go further and construe this requirement to mean that failure to give such

---

3. Condition no. 6 of the permit requires notice to the department of the commencement of work and a further notice within two weeks of the probable completion of the work.

written notice in timely fashion shall render the permit *null and void,* it must specifically so declare, in bold type, conspicuously placed, as a condition on the permit. Anything short of this, in light of the other conditions of the permit, is misleading and therefore unreasonable. We cannot help but note that the department has failed to offer any explanation or reason for its action, other than the ambiguous language of condition no. 11, which it drafted.

## CONCLUSIONS OF LAW

1. The board has jurisdiction of the parties and subject matter of this appeal.

2. The department may require written acceptance of a permit for which application has been properly made and approved by the department.

3. Where the department intends to revoke a properly issued permit solely on the grounds that a timely written acceptance has not been received by it, this intention must clearly, specifically and conspicuously appear as one of the conditions in the permit.

4. The permit issued to appellant did not properly notify him that failure to comply with the acceptance provision of condition no. 11 of the permit would render the permit null and void.

5. The action of the department was unreasonable.

## ORDER

And now, November 8, 1974, the action of the department revoking the permit of appellant D. Herbert Morton is hereby reversed, and the appeal is sustained, upon the condition that appellant comply with requirement no. 11 of the permit within 20 days from the date hereof.